IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. WITKOWSKI ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 06-874 |
| v. ) | |
| ) | |
| INTERNATIONAL BROTHERHOOD ) | |
| OF BOILERMAKERS, IRON ) | |
| SHIPBUILDERS, LOCAL UNION 154, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

AND NOW this 24th day of November, 2009, upon consideration of the motion for reconsideration (Docket No. 140) filed by plaintiff John J. Witkowski ("plaintiff"), which seeks reconsideration of the denial of plaintiff's motion for the court to rule on attorneys' fees, and the response of defendant International Brotherhood of Boilermakers, Iron Shipbuilders, Local Union 154 ("defendant"), it is ORDERED that the motion is **GRANTED**.

The court will reconsider its order denying without prejudice plaintiff's request for attorneys' fees.  It is appropriate for this court to reconsider the request for attorneys' fees even though the case is on appeal.  See West v. Keve, 721 F.2d 91, 95 n.5 (3d Cir. 1983) ("Should the district court prefer to consider a fee application during a pending appeal of the predicate case, the district court is not divested of jurisdiction to determine the application.").  The court has discretion to award attorneys' fees with respect to a case that is on appeal.  See Harley v. Unisys Corp. (In re Unisys Corp. Retiree Medical Benefits ERISA Litig.), MDL Docket No. 969, No. 03-3924, 2007 WL 4287393, at *2 (E.D. Pa. Dec. 4, 2007).

Plaintiff requested, in the alternative, that the court enter an order to recognize that post-judgment interest on any future attorney fee award will be deemed to have accrued from the date of that order. The alternative relief is inappropriate because the date of accrual for interest on post-judgment attorneys' fees cannot precede the date upon which the court actually quantifies the fees. See Eaves v. County of Cape May, 239 F.3d 527, 527-28 (3d Cir. 2001) ("Based upon our construction of the applicable federal post-judgment interest statute, 28 U.S.C. § 1961(a), we hold that post-judgment interest on an attorney's fee award runs from the date that the District Court actually quantifies the award."); see also Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 217 (3d Cir. 2004); Fleming Steel Co. v. W.M. Schlosser Co., Inc., Civil Action Nos. 02-828, 03-1338, 02-828, 2008 WL 4722511 (W.D. Pa. Oct. 21, 2008).

In order to review the request for attorneys' fees in an efficient manner, the court will deny without prejudice plaintiff's supplemental motion for attorneys' fees for litigating post-trial matters (Docket No. 139), and plaintiff's second supplemental motion for attorney's fees for litigating post-trial matters (Docket No. 141). Plaintiff may file a renewed motion for attorneys' fees for all fees, consolidating the aforementioned motions for attorneys' fees into one document. Plaintiff must also file the supporting detail for the requested attorneys's fees as an exhibit to the renewed motion. Plaintiff's renewed motion for attorneys' fees must be filed within twenty-one days of the date of this order, i.e., no later than December 15, 2009. Defendant must file its objections to the renewed motion within fourteen days of the date of plaintiff's filing of the renewed motion.

By the court,
/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

2