**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOHN J. WITKOWSKI          )
                                      )
            Plaintiff,         )
                                      )      Civil Action No.: 06-874
          v.              )
                                      )
INTERNATIONAL BROTHERHOOD  )
OF BOILERMAKERS, IRON        )
SHIPBUILDERS, LOCAL UNION 154,  )
                                      )
           Defendant.      )

**MEMORANDUM OPINION AND ORDER**

CONTI, District Judge

## I.     Introduction

On January 30, 2009, a jury rendered a verdict in favor of plaintiff John J. Witkowski ("plaintiff" or "Witkowski") against defendant International Brotherhood of Boilermakers, Iron Shipbuilders, Local Union 154 ("defendant" or "Union") with respect to plaintiff's claims for retaliation in violation of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Const. Stat. §§ 951-63. Pending before the court is a renewed motion for attorneys' fees (the "Motion") (Docket No. 154) filed by plaintiff requesting the court, pursuant to the ADEA and the PHRA, to approve attorneys' fees in the amount of $615,242.00.[1] After considering the Motion, the briefs, and the exhibits

---

[1] Witkowski did not request payment for expenses with his request for attorneys' fees. On February 13, 2009, he filed a Bill of Costs in the amount of $25,868.63. (Docket No. 132.) On February 17, 2009 the Clerk of Court entered a notice (Docket No. 133) that due to the filing of the Union's motion to alter the judgment and motion for a new trial, no action would be taken

submitted by the parties, the court will grant the Motion in part and deny it in part.  For the reasons stated below, the court will award plaintiff attorneys' fees in the aggregate amount of $548,607.45.  This amount is based upon an exclusion of the hours the court concludes were not reasonably expended, a ten percent adjustment to remaining fees submitted for pretrial and trial work to reflect plaintiff's success with respect to only one of the two claims tried before the jury, and an award of one-hundred percent of the reasonable lodestar fees submitted for post-trial work,[2] excluding travel time to and from the court.

## II.    Procedural History

Witkowski tried two kinds of claims before a jury: 1) for retaliation in violation of the ADEA and the PHRA; and 2) for age discrimination in violation of the ADEA and the PHRA. On January 30, 2009, a jury returned a verdict on the retaliation claims against the Union and awarded Witkowski damages in the amount of $650,000.00.  The Union prevailed on the underlying age discrimination claims.  On February 13, 2009, plaintiff filed a motion for attorneys' fees, pursuant to 29 U.S.C.  § 626(b), and 43 PA. CONST. STAT. § 962(c)(4).  On that same date, defendant filed a post-trial motion to alter or amend judgment or, in the alternative, for

---

on the Bill of Costs until disposition of the motions and the appeal time had expired.  On September 18, 2009, the Union appealed the judgment.  (Docket No. 142.)

[2]    With respect to collecting the fee, a final judgment awarding attorneys' fees is a money judgment. 2 MARY FRANCIS DERFNER AND ARTHUR D. WOLF, COURT AWARDED ATTORNEY FEES, § 28.01 (2009). "Once the right to appellate review [with respect to the award of attorneys' fees] has been exhausted or has expired, any stay of the judgment will be lifted, and the party subject to the judgment must pay it."  Id.

a new trial and a motion to stay the proceedings.  On August 18, 2009, the court denied

defendant's post-trial motions.

On June 3, 2009, plaintiff filed a motion requesting postjudgment interest which was

denied on August 18, 2009.  On June 22, 2009, plaintiff filed a motion for the court to rule on

plaintiff's motion for attorneys' fees.  On  August 18, 2009, the court held a hearing on plaintiff's

motion for attorneys' fees.  The court denied the motion without prejudice by reason of the

petition for attorneys' fees being premature.

On September 1, 2009, plaintiff filed a supplemental motion for attorneys' fees for

litigating post-trial matters, a second supplemental motion for attorneys' fees for litigating post-

trial matters, and a motion for reconsideration of denial of the motion for the court to rule on

attorneys' fees.  On November 24, 2009, the court granted plaintiff's motion for reconsideration

and ordered plaintiff to consolidate all requests for attorneys' fees previously filed at the

aforementioned motions into one document with supporting detail attached as an exhibit.  On

December 15, 2009, plaintiff filed the Motion currently before the court, requesting that an award

in the amount of $615,242.00 be entered in his favor for attorneys' fees relating to pretrial, trial

and post-trial work.  On January 28, 2010, defendant filed a response in opposition to plaintiff's

Motion.  (Docket No. 167.)  On March 19, 2010, plaintiff filed a reply to defendant's response to

plaintiff's Motion.  (Docket No. 175.)

III.    **Background**

Plaintiff argues that in order to seek attorneys' fees he need only show that he is a prevailing party and that the fees requested are reasonable.  Plaintiff is seeking an award of $615,242.00, including $295,162.00 for fees submitted by Michael Lorence ("Attorney Lorence"), with respect to 994.3 hours for pretrial and trial work and 23.5 hours for post-trial work at the hourly rate of $290.00; $320,080.00 for fees submitted by the firm of Lieber & Hammer, P.C., for the work of James B. Lieber ("Attorney Lieber"), Thomas Huber ("Attorney Huber"), and Jacob Simon ("Attorney Simon") for pretrial, trial and post-trial work.  Attorney Lieber's fees included charges for 495.40 hours for pretrial and trial work and 48.6 hours for post-trial work at an hourly rate of $400.00; Attorney Huber's fees included charges for 186.20 hours for pretrial and trial work and 53.90 hours for post-trial work at an hourly rate of $250.00; and Attorney Simon's fees included charges for 284.90 hours for pre-trial and trial work at an hourly rate of $150.00.

Plaintiff argues that he is a prevailing party for the purpose of receiving attorneys' fees because he succeeded on the retaliation claims under the ADEA and the PHRA.  In support, plaintiff points to the jury verdict finding defendant liable for constructive discharge in retaliation for complaining about age discrimination, and the court's denial of defendant's post-trial motions. Plaintiff argues that his attorneys' fees should not be reduced because the overall relief obtained amounted to an excellent result in relation to the hours reasonably expended on the litigation of his claims.  Plaintiff bolsters this argument by contending that his claims for age discrimination and retaliation are interrelated, due to the claims involving a common core of facts and similar legal theories.

4

With respect to meeting the burden of proving that his request for attorneys' fees is reasonable, plaintiff submitted affidavits from each of his attorneys swearing to the veracity of the hours worked and the rates charged.  Plaintiff also submitted affidavits from other attorneys practicing in the area of civil rights attesting to the market rate attorneys in the area charge for similar services.  Plaintiff argues that, absent any specific challenges of the content of plaintiff's evidence, a trial court may not reduce the hourly rate requested.

Although the Union does not challenge the hourly rate charged by Witkowski's attorneys, the Union opposes the Motion on several grounds.  First, the Union submits that the Motion is premature because a decision by the Court of Appeals for the Third Circuit in favor of defendant would render plaintiff's petition moot.  Second, the Union argues that in the event that the court decides to award attorneys' fees to plaintiff prior to the disposition of the appeal, the court should reduce the amount of the fees by fifty percent to reflect plaintiff's limited success at trial.  Third, in the event that the court decides to conduct a line-by-line review of the evidence submitted by plaintiff, defendant argues that the evidence reflects duplicative work, excessive or unnecessary time spent on tasks, some of which are clerical in nature.  Fourth, defendant argues that plaintiff's age claim is not so intertwined with the retaliation claim that the fees cannot be allocated between the two claims.  Defendant points to Attorney Lorence's billing entry on July 31, 2008, which indicates that plaintiff was considering withdrawing his age claim in support of its argument that it should not be required to pay fees for time spent on an unsuccessful claim, especially one which plaintiff was contemplating withdrawing prior to trial. Defendant requests the court to direct plaintiff to submit a detailed description of all the fees that are attributable to plaintiff's unsuccessful discrimination claim.

5

The court will address each of defendant's grounds in opposition to plaintiff's Motion for attorneys' fees within the applicable framework set forth by United States Supreme Court and the Court of Appeals for the Third Circuit.

## IV.     Standard of Review

A district court has the discretion to award reasonable attorneys' fees to the prevailing party in an employment discrimination case.  Hensley v. Eckerhart, 461 U.S. 424 (1983); Spencer v.Wal-Mart Stores, Inc., 469 F.3d 311, 318 (3d Cir. 2006), cert. denied. 551 U.S. 1141 (2007). The threshold issue is to determine whether there is a prevailing party.  Hensley, 461 U.S. at 433. In situations where a plaintiff did not succeed on all claims asserted, after the court determines the plaintiff is a prevailing party, a two-pronged approach is used to determine the amount of fees to be awarded.  Prong one is to calculate the lodestar and the second prong is to consider the interrelatedness of the claims and the overall degree of success.  Id.

## V.     Discussion

### A.     Plaintiff as a Prevailing Party

The United States Supreme Court has held that parties are considered prevailing parties if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  Hensley, 461 U.S. at 433 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-70 (1st Cir. 1978)).  In Wheeler v. Towanda Area School District, 950 F.2d 128 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a party is a prevailing party if "plaintiffs achieved relief and . . . there is a causal connection between the litigation and

the relief from the defendant." Id. at 131.  In J.O. v. Orange Township Board of Education, 287 F.3d 267 (3d Cir. 2002),[3] the court of appeals stated, "[a] party need not achieve all of the relief requested nor even ultimately win the case to be eligible for a fee award."  Id. at 271.  Plaintiff need only achieve some of the benefit sought in a lawsuit.  Id.  "'[A]t a minimum . . . the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant.'"  Id. (quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989)).  The United States Supreme Court found that the only exception to this minimum requirement is where the party's success is "purely technical or de minimis."  Texas State Teachers Ass'n 489 U.S. at 792.

The Union challenges Witkowski's Motion for attorneys' fees on the basis that the Motion is premature because a decision by the Court of Appeals for the Third Circuit in favor of the Union would eviscerate Witkowski's status as a prevailing party and render his Motion for attorneys' fees moot.  This issue, however, was already considered by the court in its decision related to Witkowski's motion to reconsider.  The court concluded that Witkowski was a prevailing party on the basis that he succeeded at trial on a significant issue in the litigation – the retaliation claims under the ADEA and the PHRA – and that he achieved some of the benefit he sought in bringing the suit.  Witkowski was awarded $650,000.00 in damages and this court denied defendant's post-trial motions to alter or amend that judgment, or in the alternative, for a new trial.  Therefore, at

---

[3] J.O. was decided in the context of the award of attorney's fees under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 et seq.  The court cites to J.O. because the United States Supreme Court has consistently interpreted the term "prevailing party" in fee-shifting provisions.  Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 603 (2001) (citing Hensley, 461 U.S. at 433 n.7) (The standards used to interpret the term "prevailing party" are generally applicable in all cases in which Congress has authorized an award of fees to a "prevailing party.").

this time, while this case is on appeal, Witkowski is a prevailing party for purposes of an award of attorneys' fees and expenses, including those incurred in litigating the Union's post-trial motions. Farrar v. Hobby, 506 U.S. 103, 109 (1992) (a plaintiff is considered a prevailing party for attorney's fees purposes if he succeeds on any significant issue in litigation which achieves some of the benefit he sought in bringing the suit). West v. Keve, 721 F.2d 91, 95 n.5 (3d Cir. 1983) ("Should the district court prefer to consider a fee application during a pending appeal on the predicate case, the district court is not divested of jurisdiction to determine the application."); see Harley v. Unisys Corp. (In re Unisys Corp. Retiree Medical Benefits ERISA Litig.), MDL Docket No. 969, No. 03-3924, 2007 WL 4287393, at *2 (E.D. Pa. Dec. 4, 2007).

### B.   Lodestar Calculation

"The starting point for determining the amount of a reasonable fee is the lodestar, which courts determine by calculating the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" McKenna v. City of Phila., 582 F.3d 447, 455 (3d Cir. 2009) (quoting Hensley, 461 U.S. at 433). The number of hours spent and the rate applicable must be reasonable. Hensley, 461 U.S. at 434; Washington v. Phila. County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996); Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). "The lodestar is presumed to be the reasonable fee. . . . However, the district court has the discretion to make certain adjustments to the loadstar." Rode, 892 F.2d at 1183. "[C]ourts are to exclude from the determination of the lodestar any hours not reasonably expended. Hours subject to exclusion under Hensley include those deemed 'excessive, redundant, or otherwise unnecessary.'" McKenna, 582 F.3d at 455 (quoting Hensley, 461 U.S. at 434).

One factor the court may consider in reducing the award is inadequate documentation for fees.  <u>Washington</u>, 89 F.3d at 1037.  The documentation must be specific "to the extent necessary for the district court to 'to determine if the hours claimed are unreasonable for the work performed.'"  <u>Id.</u> (quoting <u>Rode</u>, 892 F.2d at 1190).  If a court concludes that the submissions provide sufficient information, the court may determine that the claimed fees are reasonable.  <u>Id.</u> at 1038 (citing <u>Rode</u>, 892 F.2d at 1191).

The party requesting the court to award attorneys' fees has a prima facie burden with respect to the reasonableness of the hourly rate and the specificity of hours worked.  <u>Rode</u>, 892 F.2d at 1183.  To satisfy this burden, "the fee petitioner must 'submit evidence supporting the hours worked and  rates claimed.'"  <u>Id.</u> (quoting <u>Hensley</u>, 461 U.S. at 433).  "[T]he party opposing the fee application has the burden to challenge the reasonableness of the requested fee."  <u>McKenna</u>, 582 F.3d at 459 (citing, <u>Rode</u>, 892 F.2d at 1183).  "A district court should not 'decrease a fee award based on factors not raised at all by the adverse party.'"  <u>Id.</u> (quoting <u>Bell v. United Princeton Props., Inc.</u>, 884 F.2d 713, 720 (3d Cir.1989)).

> Nevertheless it should not be overlooked that the awarding of an attorney's fee is a judicial action and, regardless of the parties' indifference to it, a court need not lend its imprimatur to an inappropriate order merely because there was no objection to its entry.

<u>Id.</u> at 459 n.13.

### 1.    **Time Reasonably Expended**

The Union admits that it is difficult to divide the hours expended on a claim-by-claim basis and proposes that this court require Witkowski's counsel to submit a detailed description of all fees that are attributable to the unsuccessful discrimination claim.  The court concludes that

endeavor would be impractical in light of the nature of plaintiff's claims, which have certain common facts in issue and related legal theories.  The court will decline to order Witkowski to submit a claim-by-claim breakdown.

Defendant objected to the evidence plaintiff submitted for the billing entries.  Plaintiff submitted affidavits from each attorney who claimed fees in the matter attesting that the hours claimed were reasonable for the work rendered.  Defendant argues that some of the attorneys' time entries are  unrelated to plaintiff's successful claim, duplicative, inadequately documented, excessive or reflect unnecessary time spent on tasks, some of which are clerical in nature.

The court will address each of defendant's objections with respect to the billing entries.

a.    <u>Hours related to Administrative Agency Claims</u>

Defendant argues that Attorney Lorence's fees related to plaintiff's administrative agency complaints to the National Labor Relations Board ("NLRB"), the Pennsylvania Human Relations Commission ("PHRC"), the Equal Opportunity Commission ("EEOC"), and for unemployment compensation ("UC") prior to filing his federal lawsuit should be eliminated because these claims are totally unrelated to the single claim upon which plaintiff prevailed.  Without identifying the specific entries, defendant notes that Attorney Lorence's fees related to these administrative agency claims aggregate approximately $7,000.00.

Plaintiff argues that he was required to exhaust his administrative remedies with the EEOC and the PHRC[4] prior to bringing his ADEA claim in federal court.  In support, plaintiff cites

---

[4]     PHRA claims are treated consistently with claims brought under federal anti-discrimination statutes.  <u>Fogelman v. Mercy Hosp., Inc.</u>, 283 F.3d 561, 567 (3d Cir. 2002) (holding, in an ADEA case, "that the PHRA is to be interpreted as identical to federal anti-discrimination laws except where there is something specifically different in its language requiring that it be treated differently").

Ruehl v. Viacom, Inc., 500 F.3d 375, 382 (3d Cir. 2007) ("a judicial complaint under the ADEA will be dismissed for failure to exhaust administrative remedies if a supporting EEOC charge was not filed. . . . "); see 29 U.S.C. § 626(d).

Because the EEOC and PHRC proceedings were a prerequisite to plaintiff's federal and state claims, the court concludes that the time Attorney Lorence spent representing plaintiff at the EEOC and PHRC administrative levels was "reasonably expended" on the litigation. Hensley, 461 U.S. at 433; Tevelson v. Life and Health Ins. Co.; Civ. A. No. 83-11, 1986 WL 12783, at * 2 (E.D. Pa. Nov. 16, 1986) ("Where the statue authorizing fees expressly requires the exhaustion of administrative remedies, however, the recovery of attorney's fees is proper for time spent pursuing the required administrative remedy.").  The time billed for services related to plaintiff's complaints with the NLRB and for UC, however, was not related to the claims on which he prevailed at trial.  Any fees incurred in connection with the NLRB and UC claims will be deducted from the amount requested.  Although defendant attributed $7,000.00 of Attorney Lorence's fees to administrative agencies, defendant did not point to specific dates or listings. The court's review indicates one entry of .2 hours entered on May 24, 2002 that relates to NLRB issues and six entries in 2002 totaling 3.5 hours for services related to UC issues, i.e., September 11, 2002 for .3 hours, October 16, 2002 for .3 hour, October 23, 2002  for .1 hour and .3 hour, November 6, 2002 for .4 hour (also reflecting discussion of a Title VII claim); and November 20, 2002 for 2.1 hours.  The court will deduct $1,073.00 for  3.7 hours of time from Attorney Lorence's pre-trial fees for these services which are unrelated to Witkowski's successful claim.

b.        Duplicative Work and Conferences Between Co-Counsel

Defendant acknowledges that the fees of plaintiff's attorneys do not reflect a large amount of duplicative work.  Nonetheless, defendant argues that those fees should be reduced where all four attorneys billed time for working on jury instructions without indicating that each attorney was performing a distinct function.  Defendant points to exhibits two through five of plaintiff's renewed motion showing the time entries for the services of Attorneys Lieber, Huber and Simon and to the time entries of Attorney Lorence.  Defendant relies upon Garden State Auto Park Pontiac GMC Truck, Inc. v. Electronic Data System Corp., 31 F. Supp. 2d 378, 387 (D. N.J. 1998) (reducing fees by half for duplication of effort by attorneys), and Employers Insurance Co. of Wausau v. Harleysville Insurance Co. of New Jersey, Civ. Action No. 05-4900, 2008 WL 5046838, at *2 (D. N.J. Nov. 20, 2008) (granting in part and denying in part application for attorneys' fees; finding that partner hours billed for filing renewed motion for summary judgment were excessive and redundant ).

In Garden State summary judgment was granted in defendant's favor with respect to a breach of warranty claim filed by the plaintiff.  The defendant filed counterclaims for breach of contract and unjust enrichment which were not resolved by the motion for summary judgment. The defendant filed a motion for attorneys' fees due to its success on the breach of warranty claim.

The court reasoned that the total amount requested by the defendant – the prevailing party – was overinclusive and unreasonable because the defendant only prevailed with respect to matters related to the breach of warranty claim.  Both lead counsel and local counsel billed for all their legal services performed throughout the entire litigation, including for matters related to the

counterclaims.  The court excluded time entries unrelated to the defendant's summary judgment motion, including time entries for matters related to the defendant's counterclaims, and entries which the court determined were too general to ascertain whether or not the work was related to the summary judgment motion, the appeal of the motion granting summary judgment in defendant's favor, or the attorneys' fee application.

In Employers, the court excluded 28.3 hours related to a simple re-filing of a summary judgment motion for which the partner billed 38.3 hours.  The court concluded that this time was excessive and redundant for the task which it determined to be associate-level work billed at partner-level rates.

Here, Witkowski argues that the Union failed to provide specific record citations to support its proposition that 55 hours of time billed by Witkowski's four attorneys at rates ranging from $150.00 to $400.00 per hour for drafting and otherwise working on jury instructions were unreasonably duplicative or charged at an excessive hourly rate.  Given the nature of the jury instructions and the need for co-counsel who focused on different aspects of the testimony to review the entire jury instructions, the court cannot on the record before it conclude that the hours billed were excessive, redundant or duplicative.

Defendant also objects to a number of entries throughout the bills which defendant alleges appear to be clerical errors because the same entry appears immediately after or near the first, e.g. Attorney Lorence's entries on February 20, 2007; in June, July, November and December 2007; and his entries in February and June 2008.  Defendant points to Attorney Lieber's fees documented on October 13, 2008, where he listed two identical entries, one immediately following the other, for "study/review correspondence, " and October 14, 2009, where Attorney

13

Lieber has two identical time entries for "telephone call with co-counsel." (Def.'s Resp. 9-10.) Plaintiff argues that defendant's objection is not sufficient to allow plaintiff properly to respond. The court disagrees. The court finds that the paucity of the description of the entries entered makes it hard for any reviewer of the fees to determine which of the fees are for separate services or duplicative. The court notes that it is possible for an attorney to enter separate time entries for the same task which was performed on more than one occasion on the same day. Plaintiff, however, has the burden to show the fees are reasonable and when the court is unable to discern whether the entries resulted from clerical errors or were for duplicative services, plaintiff will be found to have not met his burden. Defendant's objections to these time entries only specify certain entries and the court will reduce the time for only the identified time entries, i.e., February 20, 2007 for .2 hour; June 15, 2007 for .2 hour; July 2, 2007 for .4 hour; July 11, 2007 for .2 hour; July 30 for .2 hour; November 24, 2007 for .2 hour; November 28, 2007 for .2 hour; December 24, 2007 for .2 hour; December 28, 2007 for .2 hour; February 4, 2008 for .2 hour, and February 25, 2008 for .2 hour. The court notes it was not able to identify any duplicative entries of Attorney Lorence in June 2008. With respect to Attorney Lieber's time entries, the court will deduct .1 hour entered on October 13, 2008, and .1 hour entered on October 14, 2008 for pre-trial services. Thus, Attorney Lorence's fees will be reduced by $696.00 for 2.4 hours and Attorney Lieber's fees will be reduced by $80.00 for .2 hour.

Defendant objects to time entries for communications between co-counsel and relies upon Microsoft Corp. v. United Computer Resources of New Jersey, Inc., 216 F. Supp.2d 383 (D. N.J. 2002), for the proposition that it is not appropriate for all parties to such communications to bill for each communication. Plaintiff argues that Microsoft Corp. is distinguishable from the instant

matter because in <u>Microsoft Corp.</u> the communications in issue were between local counsel and national counsel, in contrast to the instant case, where communications were between trial counsel who needed to communicate with one another on a regular basis.  In support, plaintiff points to <u>McGuffey v. Brink's, Inc</u>, 598 F. Supp.2d 659, 671-72 (E.D. Pa. 2009) (finding that hours spent by co-counsel who both attended depositions were reasonable).  In <u>McGuffey</u>, the court declined to exclude hours for two attorneys who each attended depositions.  The court reasoned that the time charged for attendance of both attorneys at the depositions was reasonable because the depositions occurred while trial was ongoing, and both attorneys needed to know what transpired at the depositions.  <u>McGuffey</u>, 598 F. Supp.2d at 671-72.  Here, the court concludes that plaintiff's co-counsel were both actively involved during the trial and needed to communicate with each other to coordinate their work.  Defendant's objection to the billing of plaintiff's counsel for communication between co-counsel is not sufficiently substantiated for the court to find these entries unreasonable.  The court will not deduct any time from these entries.

c. <u>Adequacy of the Documentation of Attorney Simon's Work</u>

Defendant argues that Attorney Simon's hours should reduced for inadequate documentation because his billing entries are so vague and nondescriptive that the court would be unable to determine whether they are reasonable or duplicative of another attorney's work, e.g. "Study/review and summarize depositions," "Deposition summary," and "Research."  (Def.'s Resp. 10-11.)  Defendant points to <u>Microsoft Corp.</u>, 216 F. Supp.2d at 383, for the proposition that the court has wide discretion to adjust attorney's fees for inadequate documentation.  Plaintiff argues that Attorney Simon's billing descriptions, e.g., "Study/review and summarize depositions," "Deposition Summary," "Research," "Study/review documents," "Draft memo," and

15

"Telephone call," are sufficiently adequate for the court to determine whether the hours expended are reasonable under the circumstances.  Plaintiff relies upon <u>Rode</u>, 892 F.2d at 1191 n.13, where the court concluded billing descriptions such as "miscellaneous research", "telephone conversations", and "conferences concerning facts, evidence, and witnesses" were adequate, and <u>McGuffey</u>, 598 F. Supp. 2d at 671, where the court concluded billing descriptions stating only "Research," "Review research," "Research ADEA," or "Research ERISA," without identifying particular claims involved, were adequate.  Many of Attorney Simon's entries viewed in context adequately inform the court about the nature of the work he was performing.  The court concludes, however, that several of Attorney Simon's billing entries are not sufficiently descriptive to inform the court with respect to the reasonableness of his hours expended on the litigation.  These entries generally indicate only "research," "Study/review documents," "research case law," "draft memorandum," and "draft brief" and lack a contextual reference or a temporal proximity to a contextual reference for the court to determine whether the entries reflect time reasonably expended on the instant litigation.  The court will deduct $4,995.00 for 33.3 hours of time from Attorney Simon's pre-trial fees for the following time entries: September 3, 2008 for 5.9 hours; September 4, 2008 for 1.3 hours; September 8, 2008 for 3.7 hours; September 9, 2008 for  3.7 hours; September 18, 2008 for 7.4 hours; September 19, 2008 for .9 hour; September 22, 2008 for 5.1 hours; and September 25, 2008 for 5.3 hours.

> d.     <u>Excessive Time Spent by Attorney Lorence on Particular Tasks</u>

Defendant argues that Attorney Lorence's time entries include excessive time spent on cross-examinations, the opening statement and the pretrial statement.  Defendant points to the time entries Attorney Lorence spent in June 2007 preparing for, attending, and reading the

transcript of the deposition of Raymond Ventrone ("Ventrone"), the Union manager.  Attorney

Lorence billed fourteen hours to read the Federal Rule of Civil Procedure 30(b)(6) deposition

transcript of Ventrone and another thirty-five hours to prepare for Ventrone's cross-examination.

Defendant contests Attorney Lorence's time entries of approximately twenty hours between

January 11 and 18, 2009, during trial preparing for the cross-examination of Bill Masucci

("Masucci"), the Union stewart.  In support, defendant relies upon Ursic v. Bethlehem Mines, 719

F.2d 670 (3d Cir. 1983).   "A fee applicant cannot demand a high hourly rate – which is based on

his or her experience, reputation, and a presumed familiarity with the applicable law – and then

run up an inordinate amount of time researching that same law."  Ursic, 719 F.2d at 677.

Defendant also objects to the billing entries reflecting that Attorney Lorence engaged a

"focus group" and other "consultants." (Def.'s Resp.13.)  Defendant argues that the case did not

involve complex issues requiring the use of a focus group or consultants, particularly in light of

the experience and skills of Attorney Lorence and his co-counsel.

(I)        Time Spent Preparing for Cross-Examinations

Plaintiff denies that defendant's allegations are supported by the record.  Plaintiff contends

that Attorney Lorence spent 3.4 hours reading part of volume one of Ventrone's deposition on

April 7, 2008, in preparation for a continuation of Ventrone's deposition.  Plaintiff notes that

Ventrone was not the Rule 30(b)(6) designee and that the time entered also included preparation

for the deposition of O'Connor, who was a Rule 30(b)(6) designee.  Plaintiff's points out that

Attorney Lorence did not finish reading volume one of the Ventrone deposition until September

11, 2008, at which time he entered 2.2 hours that included time spent reading parts of the

17

depositions of two other parties.  Plaintiff notes that Ventrone was the most important Union official examined by plaintiff's counsel because Ventrone held the most powerful position.

Plaintiff argues that the 34.8 hours Attorney Lorence billed preparing Ventrone's cross-examination was reasonable under the circumstances.  Among other things, plaintiff notes that Attorney Lorence had to review  numerous documents and videos of depositions of other Union officials and members concerning key facts and events in preparation for his cross-examination of Ventrone, related to what was said about plaintiff at two key union meetings, the use of the word "sue-ee," implied threats made by others, and whether Ventrone conducted investigations of retaliatory conduct and instructed others about protecting plaintiff's rights.  (Pl.'s Reply 12.)

Plaintiff argues that the 19.7 hours Attorney Lorence spent on the cross-examination of Masucci, the second most important Union witness after Ventrone were not excessive.  Plaintiff contends that the case was factually complicated, in part, because defendant denied the key fact in the retaliation case  – that plaintiff reported a plank falling which nearly killed plaintiff.  Masucci denied knowing anything about a plank falling during discovery and forced Attorney Lorence to expend time reviewing one-hundred and nineteen pages of Masucci's and other's safety reports, deciding which exhibits to present electronically to the jury, and what video clips of Masucci's deposition should be used for impeachment purposes.  Plaintiff contends that the hours Attorney Lorence spent on planning and practicing how he would re-enact important scenes were critical to the excellent results obtained in the litigation.

The court conducted an independent review of the respective time entries and concludes that in light of the court's observation of the cross-examinations and the evidence

presented during the trial, Attorney Lorence's time spent on preparing for the cross-examinations was reasonable.

(ii)     <u>Time Spent on Pretrial Statement and Opening Statement</u>

Plaintiff argues that Attorney Lorence billed 22.3 hours, not the 32 hours that defendant claims he billed, preparing the pretrial statement and the amended pretrial statement (collectively, the "pretrial statement").  Plaintiff argues that Attorney Lorence's time billed for these tasks is reasonable because he reviewed thousands of pages produced in discovery, twenty depositions and listed 126 exhibits comprised of 430 pages and nineteen witnesses on the pretrial statement. Plaintiff notes that this was a factually complicated union hall case that spanned seven years.

Plaintiff contends that the 28.8 hours billed for preparing the opening statement is reasonable because it was one of the most important parts of the case.  Plaintiff notes that the case was difficult to prove because plaintiff had to prove that the plank falling incident was not an accident and that the Union engaged in a cover-up.  Plaintiff argues that this hurdle was significant because at the time of his opening statement, defendant had not yet admitted that the plank fell.  Plaintiff's counsel submits that the use of the mock jury focus group and trial consultant was justifiable due to the complexity of the facts and the difficulty of proving a negative, i.e., that the plank incident was not an accident.  Plaintiff argues that the use of the mock jury was necessary to determine what a prospective jury's reaction would be given that plaintiff was requesting seven years back pay when he did not work due to his fear of reprisal.  In support, plaintiff cites <u>Magestic Box Co., Inc. v. Reliance Insurance Co. of Illinois</u>, No. CIV. A. 96-8118, 1998 WL 720463, at * 5 (E.D. Pa. Sept. 2, 1998) (finding "that the complicated nature of the defense required in this litigation justifies defendant's expenditures on the 'mock trial'").

19

The court reviewed the pretrial statement and observed the opening statement.  In light of the issues presented and the nature of the exhibits, the court finds that the time spent on preparing the pre-trial statement and on preparing for plaintiff's opening statement was reasonable.

e.     <u>Unnecessary time spent on tasks</u>

Defendant argues that approximately $19,000.00 should be excluded because Attorney Lorence billed for time working on clerical tasks.  Defendant points to fee entries including charges at Attorney Lorence's rates for administrative functions, i.e., July 30, 2007 of .2 hour and December 14, 2008 of .2 hour for scanning and faxing documents; June 14, 2008 of 8 hours and June 15, 2008 of 4.2 hours for copying DVDs; October 11, 2008 of 1.2 hours and 1.3 hours for comparing taped depositions to written transcripts; December 25, 2008 of 2.4 hours for proofreading; December 13, 2008 of .4 hour for copying; November 30, 2008 of .6  hour for hole-punching; October 19, 2008 of .8 hour for "administrative stuff" (Def.'s Resp.13-14) and October 19, 2008 of .8 hour for computer work.  Defendant contends that plaintiff is not entitled to attorneys' fees calculated at Attorney Lorence's rate that could have been performed by paralegals or administrative personnel.  In support, defendant points to <u>Microsoft Corp.</u>, 216 F. Supp. 2d at 392-93 (holding that tasks of a clerical nature are not compensable and quoting <u>Ursic</u> 719 F.2d at 677) ("Michelangelo should not charge Sistene Chapel rates for painting a farmer's barn.").  Defendant also objects to an entry dated December 23, 2007 for which Attorney Lorence billed 5.2 hours ($1,508.00) for driving a process server to "Reynoldsville to serve Weibel."  (Def.'s Resp. 14.)

Plaintiff argues that, under the circumstances, these tasks were not clerical and were all necessary to the litigation.  Plaintiff contends that tasks included comparing video-taped depositions to written transcripts where there was a unique problem in this case.  The transcripts had to be prepared from video by a court reporter and Attorney Lorence needed to compare the video to the text.  Plaintiff contends that main purpose of the 5.2 hours to meet with Mr. Weible and his wife was not to accept service, but to interview Mr. Weible's wife whose family members were in the Union and who told Lorence that they supported plaintiff's case, but were afraid.  In support, plaintiff points to McGuffey, 598 F. Supp. 2d at 671-72 (finding that reviewing electronic filings in the case and preparing subpoenas, notices of depositions, and letters were not "clerical" and should be compensated).  Plaintiff cites to Richerson v. Jones, 506 F. Supp. 1259 (E.D. PA. 1981), for the proposition that awarding fees for "time claimed relate[d] to preparation for argument, motions, and letters, and review of files, briefs, and letters" is proper because "[t]hese are tasks which must be accomplished to prepare for court proceedings and to control litigation." Richerson, 506 F. Supp. at 1264.

District courts have awarded attorneys's fees at both full and reduced rates for non-legal or administrative tasks.  See Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 195 F. App'x 93, 101 (3d Cir. 2006) (deducting fees of seven hours billed for conducting post-decision telephone interviews with reporters) (citing Halderman by Halderman v. Pennhurst State Sch. & Hosp., 49 F.3d 939, 942 (3d Cir. 1995)); Jackson ex rel. Jackson v. Phila. Hous. Auth., 858 F. Supp. 464, 475-76 (E.D. Pa. 1994) ("The Third Circuit has affirmed the award of reduced hourly rates for experienced attorney's services when the work on the case could have been performed by an associate-level attorney."); Steward v. Sears, Roebuck & Co., Civil Action No. 02-8921, 2008

WL 1899995, at *4 (E.D. Pa. 2008) (citing <u>Richerson</u>, 506 F. Supp. at 1264 (noting that "simple tasks . . . must be accomplished to prepare for court proceedings and to control litigation")); <u>but see</u> <u>Poston v. Fox</u>, 577 F. Supp. 915, 920 (D. N.J. 1984) (noting that in a small office, "it is not always possible to delegate tasks to others").

Here the court concludes that defendant met its burden of providing a sufficient basis to contest the reasonableness of some of these fees.  While some amount of administrative tasks may need to be performed by an attorney, the amount of such time in this case was excessive.  With respect to the amount of time expended, however, the court could not confirm defendant's estimate of the dollar amount attributed to these tasks, i.e., an aggregate of $17,492.00 ($19,000.00 minus $1,508.00 billed for the travel to Reynoldsville).  Based upon the court's independent review of the time entries attributed to these tasks, the court will deduct fifty percent of Attorney Lorence's time that the court was able to identify from the record before it.  Because the court finds proof reading a task reasonably compensated at Attorney Lorence's full hourly rate, it will not reduce his fees for this billing entry.  The court will reduce by fifty percent the 17.7 hours billed by Attorney Lorence for administrative tasks – an exclusion of $2,566.50 for 8.85 hours from his fees.

With respect to reimbursement for travel time, district courts have awarded attorneys' fees at both full and reduced rates for travel time.  <u>See</u>  <u>Steward</u>, 2008 WL 1899995, at * 6 (finding that an attorney loses the opportunity to meet with other clients or perform other legal work when engaged in travel necessary to the case; comparing other courts' decisions related to

reimbursement of travel time )[5]; see also Kurschinske v. Meadville Forging Co., Civil Action No. 06-87, 2008 WL 4462294, at *4 (W.D. Pa. Sept. 30, 2008) (reducing fees for travel time by two-thirds where the record did not reflect that the plaintiff was unable to obtain counsel within the forum).

This court agrees with defendant that plaintiff should not be entitled to Attorney Lorence's full rate for all his travel time.  The court takes judicial notice that, according to MapQuest[6], the approximate time to travel to Reynoldsville, Pennsylvania from Attorney Lorence's office at 6507 Wilkins Avenue, Pittsburgh, Pennsylvania 15217, is one hour and fifty minutes each way. Therefore, the court will deduct $551.00 for fifty percent of the travel time – 1.9 hours –  from

---

[5]     Compare Posa v. City of East Orange, 2005 WL 2205786, at *5 (D. N.J. Sept.8, 2005) (allowing travel time at fifty percent of hourly rate) and Haberern v. Kaupp Vascular Surgeons, Ltd., 855 F. Supp. 95, 100 (E.D. Pa. [1994]) (reimbursement for attorney travel time allowed in this ERISA case at a 50% reduced hourly rate), vacated in part on other grounds, 24 F.3d 1491 (3d Cir.1994), with Arietta v. City of Allentown, 2006 WL 2850571, at *5-6 (E.D. Pa. Sept.29, 2006) (compensating travel time at full hourly rate and concluding that "[b]ecause an attorney who is traveling may not meet with other clients or perform other legal work, we find that it is appropriate that the attorney should be able to bill at his standard hourly rate") and Rush [v. Scott Specialty Gases, Inc.], 934 F. Supp. at 156 (allowing travel time at full rate finding that "the attorney loses opportunity time by traveling to trial and should be compensated for that time as much as time spent otherwise on the client").

Steward, 2008 WL 1899995, at *6.

[6]     See Baker v. Berman, Civ. Action No. 09-1061, 2009 WL 3400941, at *6 n.5 (W.D. Pa. Oct. 21, 2009) (taking judicial notice that driving time can be determined according to the on-line service "MapQuest"); see also Coppola v. Ferrellgas, Inc. 250 F.R.D. 195, 199 n.4 (E.D. Pa. 2008) ("The Court takes judicial notice of these figures based on estimates provided by http:// www. mapquest. com and http:// www. maps. yahoo. com.").

Attorney Lorence's billings.  With respect to time billed by Attorney Huber for traveling between his office and the court, the court will deduct the entire amount billed for that time.  Attorneys Lorence and Lieber did not charge their services for traveling between their offices and the court and under those circumstances it would not be appropriate for Mr. Huber to charge for that time. The court will deduct $300.00 from Attorney Huber's fees for 1.2 hours of time billed for travel on December 5, 2008 of .4[7] hour; December 17, 2008 of  .4 hour; and January 21, 2009 of .4 hour. The court will also deduct $100.00 from Attorney Huber's post-trial fees for time billed for travel on August 18, 2009 of .4 hour.

2.    **Reasonableness of Plaintiff's Attorneys' Hourly Rates**

Plaintiff submitted affidavits of other attorneys attesting to the reasonableness of the rates charged along with evidence that the attorneys charged the same rate in other matters.  Because defendant did not challenge the hourly rates of plaintiff's attorney's fees, the court finds these rates to be reasonable.  Washington, 89 F.3d 1037; Smith v. Phila Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997); Doe v. Twp. of Hampton, No. 94-811, 1996 WL 805073, at *6 (W. D. Pa.. Dec. 11, 1996).

**C.    Results Obtained**

After the court has calculated the lodestar, the court may adjust the fee for other considerations, including the "results obtained."  Hensley, 461 U.S. at 434 (quoting Johnson v. George Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).  "This factor is particularly

---

[7]    Attorney Huber's time billings for December 5, 2008, and December 17, 2008, lump together his travel time and several other services.  The court deducted .4 hours from each of those entries based upon Attorney Huber's January 21, 2009, entry of .4 hours solely for travel time.

crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his

claims for relief."  Id.  In that situation, the court must ask two questions.

> First, did the plaintiff fail to prevail on claims that were unrelated to
> the claims on which he succeeded?  Second, did the plaintiff
> achieve a level of success that makes the hours reasonably expended
> a satisfactory basis for making a fee award?

Id.

With respect to the first question, if a court determines that litigation of unsuccessful

claims is distinct from claims on which the party succeeded, it may reduce the hours spent

litigating the unsuccessful claims.  Hensley, 461 U.S. at 434-35.  An award of attorneys' fees

should not simply reflect a mathematical ratio between the successful and unsuccessful claims.

McKenna, 582 F.3d at 458; Pub. Interest Research Group of N.J. v. Windall, 51 F.3d 1179, 1190

(3d Cir. 1195) (a simple mechanistic reduction based solely on the ratio of successful claims is

precluded by Hensley).

The second critical question a court may consider is the overall degree of success.

Spencer, 469 F.3d at 318 ("Where a plaintiff has achieved only partial or limited success, a district

court may adjust the fee downward."); Hensley, 461 U.S. at 434-46; McKenna, 582 F.3d at 458.

> The amount of damages *awarded,* when compared with the amount
> of damages *requested*, may be one measure of how successful the
> plaintiff was in his or her action, and therefore "may be taken into
> account when awarding attorneys' fees to a civil rights plaintiff."

Washington, 89 F.3d at 1042 (quoting Abrams v. Lightolier, 50 F.3d 1204, 1222 (3d Cir. 1995).

A court, however, may not reduce fees merely to maintain a proportionality between the fees and

the award.  Id.

In the instant case, plaintiff was the prevailing party on his retaliation claims.  Defendant, however, was the prevailing party on the underlying age discrimination claims.  The court will address each question raised in <u>Hensley</u> with respect to the results obtained – interrelatedness of the claims and level of success.

       1.     **Interrelation of claims**

In <u>Hensley</u>, the Supreme Court explained:

> Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
>     Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation. . . . [T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.

<u>Hensley</u>, 461 U.S. at  435.

Plaintiff argues that the court should not reduce his attorneys' fees because his age and retaliation claims were interrelated, involved a common core of facts and were based on related legal theories.  "[W]here a 'plaintiff's claims for relief ... involve a common core of facts or [are] based on related legal theories,' the 'lawsuit cannot be viewed as a series of discrete claims.' . . . In this situation, 'the district court should focus on the significance of the overall relief obtained

by the plaintiff in relation to the hours reasonably expended on the litigation.'" <u>McGuffey</u>, 598 F. Supp.2d at 673 (quoting <u>Hensley</u>, 461 U.S. at 434).

Defendant contends that an award of one hundred percent of the attorneys' fees is not warranted because plaintiff's age claims were not so intertwined with the retaliation claims that fees related to the separate claims cannot be determined.  The court recognizes that the age discrimination claims and the retaliation claims are related to a certain degree and are based, in part, on a common factual background.  Thus, many of the attorneys' fees are attributable to an overlap of the claims, with respect to, *inter alia*, time spent on review of documents, preparation for depositions, discovery pursuits, researching similar legal theories under the ADEA and the PHRA, and arguing those legal theories.

The records submitted by plaintiff's attorneys did not segregate the time spent upon the separate claims.  The court does not agree with plaintiff that his claims of age discrimination are so interrelated to his claims for retaliation that none of the attorneys' fees can be parsed out of the total.  Defendant suggests that the court order plaintiff to submit separate time entries related to the age discrimination claims.  The court declines this invitation on the basis that it would not be practical given the interrelatedness of the claims.  Instead, the court concludes that an adjustment to the lodestar based upon plaintiff's overall level of success in the litigation is more appropriate under the circumstances.  <u>See</u> <u>Hensley</u>, 461 U.S. at 436 (affirming that a court may adjust the fees downward "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith"); <u>see also</u> <u>Spencer</u>, 469 F3d at 318; <u>McGuffey</u>, 598 F. Supp.2d at 674-75.

      2.      **Level of Success**

In <u>Hensley</u>, the Supreme Court set forth two methods of approach courts should utilize in reducing the "lodestar" to reflect the limited success of the prevailing party. The "district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." <u>Hensley</u> 461 U.S. at 436-37. The simple reduction method has been interpreted to mean a percentage reduction of fees which reflects the relationship of the prevailing party's success in the litigation. <u>See</u> <u>McKenna</u>, 582 F.3d 458 ("In the absence of proper records separating time spent on plaintiffs' claims individually, the District Court concluded that one-quarter of the lodestar appropriately reflected the hours the attorneys reasonably expended representing [plaintiff] on his lone successful claim . . . .); <u>McGuffey</u>, 598 F. Supp. 2d at 675 (quoting <u>Hensley</u>, 461 U.S. at 436-37) ("'The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'").

Defendant argues that the court should reduce the amount of the fees by fifty percent to reflect plaintiff's limited success at trial. The court recognizes that plaintiff only achieved partial success in the overall litigation. He prevailed on his retaliation claims, but did not succeed on his underlying age discrimination claims. Plaintiff argues that he met his burden of proving that the total hours worked are a reasonable reflection of plaintiff's success in the litigation, because his attorneys realized an excellent result.

The court concludes that, based upon the court's observations at trial, a review of the pleadings and briefs submitted to the court, consideration of plaintiff's motion for attorneys' fees, and defendant's objections to the failure of plaintiff to allocate the time devoted to each claim, an adjustment to the lodestar of ten percent reflects plaintiff's level of success in the overall

litigation.  See McGuffey, at 674-75 (district court reduced the lodestar by ten percent to reflect

the plaintiff's limited success in a case raising claims of age discrimination and retaliation under

the ADEA where plaintiff prevailed on the retaliation claim, but not on the discrimination claim).

VI.      **Conclusion**

The court concludes that plaintiff's attorneys' fees will be reduced to eliminate those hours

which the court concludes were not reasonably expended on the litigation because they were

excessive, redundant or otherwise unnecessary.  The court further concludes that the lodestar

amount will be reduced by ten percent for the pretrial and trial work to reflect plaintiff's level of

success in the overall litigation.  The court will award plaintiff one-hundred percent of his

attorneys' fees for post-trial work, with the exception of the travel time charged by Attorney

Huber.

In summary, with respect to the lodestar calculation, the court will exclude $4,828.50 for

16.65 hours of Attorney Lorence's time multiplied by his hourly rate of $290.00.  With respect to

Attorney Lieber's fee, the court will deduct $ 80.00 for .2 hour of time multiplied by his hourly

rate of $400.00.  With respect to Attorney Huber, the court will deduct $300.00 for 1.2 hours of

time billed for pretrial and trial work multiplied by his hourly rate of $250.00 and $100.00 for .4

hour of Attorney Huber's time billed for post-trial work.  Finally, the court will deduct $4,995.00

for 33.3 hours of time billed by Attorney Simon multiplied by his hourly rate of $150.00.  The

court will reduce the resulting lodestar amount by ten percent to reflect the plaintiff's success on

only one of two claims.  After calculating the loadstar and reducing it by ten percent the court

awards plaintiff $548,607.45 for attorneys' fees.  The applicable reduction calculations are

reflected in the chart below:

| Pretrial and Trial | Post-trial | Individual totals |
|---|---|---|
| Attorney Lorence: 977.45 hours x $290.00 = $283,460.50<br>Minus 10%                                            -      28,346.05<br>                                    =      255,114.45 | 23.5 hours x<br>$290.00      =<br>$ 6,815.00 | $261,929.45 |
| Attorney Lieber:      495.2 hours x $400.00  =   198,080.00<br>Minus 10%                                            -    19,808.00<br>                                    =    178,272.00 | 48.6 hours x<br>$400.00      =<br>19,440.00 | 197,712.00 |
| Attorney Huber:   185.0 hours x $250.00    =     46,250.00<br>Minus 10%                                            -      4,625.00<br>                                    =      41,625.00 | 53.5 hours x<br>$250.00      =<br>13,375.00 | 55,000.00 |
| Attorney Simon: 251.6 hours x $150.00    =     37,740.00<br>Minus 10%                                            -      3,774.00<br>                                    =      33,966.00 | .00 | 33,966.00 |
| **TOTAL AWARD** | | **$ 548,607.45** |

An appropriate order follows.

**ORDER**

**AND NOW**, this 7th day of April, 2010, upon consideration of the motion for attorneys'

fees filed by plaintiff John J. Witkowski (Docket No. 154) and the response thereto,

**IT IS HEREBY ORDERED** the plaintiff John J. Witkowski is awarded attorneys' fees in

the amount of $548,607.45.

BY THE COURT,

/s/   JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

31