# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN J. WITKOWSKI,      )
              )
   Plaintiff,       )
              )   Civil Action No.: 06-874
   v.           )
              )
INTERNATIONAL BROTHERHOOD )
OF BOILERMAKERS, IRON    )
SHIPBUILDERS, LOCAL UNION 154, )
              )
   Defendant.      )

## MEMEMORANDUM OPINION AND ORDER

CONTI, District Judge

  Pending before the court is a motion for costs and objection to the clerk's denial of all costs (the "Motion" (ECF No. 185)), filed by plaintiff John J. Witkowski ("plaintiff" or "Witkowski"), and the response (ECF No. 186) of defendant International Brotherhood of Boilermakers, Iron Shipbuilders, Local Union 154 ("defendant" or "Union"). For the reasons stated below, the court will grant the Motion in part and deny in it in part.

**I.  Background**

  On January 30, 2009, a jury rendered a verdict in favor of plaintiff against defendant with respect to plaintiff's claims for retaliation in violation of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. CONST. STAT. §§ 951-63. The jury rendered a verdict in favor of defendant

1

against plaintiff with respect to plaintiff's claims for age discrimination in violation of the ADEA and the PHRA.

On February 13, 2009, plaintiff filed a bill of costs (the "Trial Court Costs" (ECF No. 132)), in the amount of $24,790,41. The clerk of courts delayed ruling on the Trial Court Costs until resolution of the then-pending post-trial motions and any appeal. (ECF No. 133). On September 18, 2009, defendant filed an appeal. (ECF No. 142.) On April 7, 2010, this court issued a memorandum opinion and order (the "Memorandum Opinion" (ECF No. 177)), awarding plaintiff's attorney's fees. See Witkowski v. Int'l Bhd. of Boilermakers, Iron Shipbuilders, Local Union 154, Civ. A. No. 06-867, 2010 WL 1433104 (W.D. Pa Apr. 7, 2010). In the Memorandum Opinion the court found plaintiff to be "a prevailing party on the basis that he succeeded at trial on a significant issue in the litigation – the retaliation claims under the ADEA and the PHRA." Id. at *3. "[W]hile this case is on appeal, Witkowski is a prevailing party for purposes of an award of attorneys' fees and expenses, including those incurred in litigating the Union's post-trial motions." Id.

On December 22, 2010, the Court of Appeals for the Third Circuit filed an appellate judgment (ECF No. 180) affirming this district court's judgment in favor of plaintiff. On January 14, 2011, the court of appeals filed an opinion (ECF No. 182) affirming this district court's judgment of the jury award of $650,000 in damages.

On January 4, 2011, plaintiff filed a second bill of costs (the "Appellate Costs" (ECF No. 181)), pursuant to Federal Rule of Appellate Procedure 39(e)(2), in the amount of $1,568.70 reflecting the cost of the court reporter's transcript of the entire trial. Plaintiff alleges the transcript was necessary to determine the appeal. On January 18, 2011, the clerk of court issued

a denial of plaintiff's costs (the "Denial of Costs" (ECF No. 184)). In the Denial of Costs, the clerk of court stated:

> Plaintiff has filed two Bill of Costs [Doc. Nos. 132 and 181]. One prior to a Notice of Appeal being filed and one after the district court judgment was affirmed. Rule 54(d) of the Federal Rules of Civil Procedure provides that costs shall be allowed to the prevailing party in an action, unless the court otherwise directs. In the present case, the judgment entered on the docket on January 30, 2009 indicates that both the Plaintiff and the Defendant were prevailing parties.
> Therefore, this 18th day of January, 2011, the Bills of Costs are DENIED and both the plaintiff and the defendant shall bear their own costs.
> You are advised that any determination of costs by the Clerk may be reviewed by the court upon motion served within seven days thereafter, under Rule 54(d) of the Federal Rules of Civil Procedure.

Id.

On January 25, 2011 plaintiff timely filed the instant Motion seeking to reverse the clerk of court's Denial of Costs with respect to plaintiff's Trial Costs and Appellate Costs.

A.   Plaintiff's Position

Plaintiff contends this court already determined that he was a prevailing party. Plaintiff points to the Memorandum Opinion, wherein the court concluded plaintiff "was a prevailing party on the basis that he succeeded at trial on a significant issue in the litigation . . . and that he achieved some of the benefit he sought in bringing the suit." Witkowski, 2010 WL 1433104, at *3. Plaintiff argues that the clerk of court erred in denying him all Trial Costs and Appellate Costs on the basis that defendant was also a prevailing party. Plaintiff argues that he is entitled to his costs at both the trial and appellate levels because this court determined that he was the

sole prevailing party at the trial level, and defendant does not dispute his success at the appellate level.

Plaintiff argues that the mere fact that defendant prevailed on plaintiff's age discrimination claims at the trial level does not make the Union a "prevailing party" for purposes of costs. Plaintiff contends that the clerk of court's finding to the contrary is erroneous and should be rejected. In support, plaintiff relies upon Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) ("The threshold issue [in determining an award of costs] is to determine whether there is a prevailing party."). Plaintiff maintains that Rule 54(d) creates a strong presumption that costs are to be awarded to the prevailing party and that the losing party bears the burden of showing that an award for costs is inequitable under the circumstances. For this proposition, plaintiff relies upon In re Paoli Railroad Yard PCB Litigation, 221 F.3d 449, 462 (3d Cir. 2000) ("[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances."), and Reger v. The Nemours Foundation, Inc., 599 F.3d 285, 288-89 (3d Cir. 2010) (stating that a district court must articulate reasons for denying costs to the prevailing party because a denial of such costs is akin to a penalty). Plaintiff notes that taxable costs are limited to those explicitly listed in 28 U.S.C. § 1920.

With respect to recovery of plaintiff's Appellate Costs, plaintiff argues that a plain reading of Federal Rule of Appellate Procedure 39(a)(2) indicates that costs for trial transcripts are taxed against the appellant where a judgment is affirmed and costs of the transcripts were necessary to determine the appeal.

B. Defendant's Response

Defendant requests the court to deny plaintiff's Motion and allow the clerk of court's Denial of Costs to stand. Defendant disagrees that plaintiff is the sole prevailing party at the trial level. Without relying upon any independent authority, defendant argues that the clerk of court's finding - based upon judgment entered on the docket on January 30, 2009 - that both plaintiff and defendant were prevailing parties is consistent with Rule 54(d). Defendant does not dispute that plaintiff prevailed at trial on his retaliation claims, but argues that the ruling of the Court of Appeals for the Third Circuit in this case does not negate the fact that the Union prevailed on plaintiff's discrimination claims at trial.

Defendant contends that plaintiff's arguments related to overcoming the presumption of awarding costs to the prevailing party are misplaced. Defendant maintains that the clerk of court did not award costs to the nonprevailing party when it denied plaintiff's Trial Costs and Appellate Costs; rather, the clerk of court determined that each party should bear its own costs on the basis that both parties prevailed at trial. Similarly, defendant argues that just because plaintiff was awarded attorneys' fees on a significant claim at the trial level, does not negate the fact that defendant prevailed on plaintiff's discrimination claims.

## II. Standards

Federal Rule of Civil Procedure 54(d)(1) governs the taxing of costs and provides in relevant part:

> **Rule 54. Judgment; Costs**
>
> . . .
>
> **(d) Costs; Attorney's Fees.**

> **(1)** *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.. . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1).

"Under the procedures outlined in Fed. R. Civ. P. 54(d)(1), 'the Clerk taxes costs, and then, if there is an objection to the Clerk's action, the District Court reviews the Clerk's award.'" Reger, 599 F.3d at 287 (quoting McKenna v. City of Phila., 582 F.3d 447, 454 (3d Cir. 2009)). It is well established that the "district court is charged with making a *de novo* review of the clerk of court's determination of the costs issue." In re Paoli, 221 F.3d at 461.

Rule 54(d) creates a strong presumption that costs are to be awarded to the prevailing party. Reger, 599 F.3d at 288. "[I]f a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so . . . because the denial of such costs is akin to a penalty." Id. at 288-89 (citing In re Paoli, 221 F.3d at 462; ADM Corp. v. Speedmaster Packaging Corp., 525 F.2d 662, 665 (3d Cir. 1975)). The burden is on the losing party to show that an award of costs is inequitable under the circumstances. In re Paoli, 221 F.3d at 462-63.

Taxable costs are limited to those expressly listed in 28 U.S.C. § 1920. Reger, 599 F.3d at 288 ("The Rule limits the reimbursable costs to those enumerated in 28 U.S.C. § 1920."). Section 1920 provides:

> **§ 1920. Taxation of costs**
>
> A judge or clerk of any court of the United States may tax as costs the following:
>
> **(1)** Fees of the clerk and marshal;

> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;
>
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> **(5)** Docket fees under section 1923 of this title;
>
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

The taxation of costs related to appeals is governed under Federal Rule of Appellate Procedure 39, which provides in relevant part:

> **Rule 39. Costs**
>
> (a) **Against Whom Assessed.** The following rules apply unless the law provides or the court orders otherwise:
>
> . . .
>
> **(2)** if a judgment is affirmed, costs are taxed against the appellant;

FED. R. APP. P. 39.

## III. Discussion

"As provided in Rule 54(d), costs shall be awarded to the prevailing party unless the court otherwise directs. Thus, the determination of who qualifies as a prevailing party is central to the deciding whether costs are available." 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER

AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2667 (3d ed. 2011) (footnote omitted). "[A] claimant who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained on all his claims." Id. (citing Jacobs v. Central Transp., Inc., 891 F. Supp. 1120 (E.D. N.C. 1995) (holding that even though the plaintiffs did not prevail on all the issues, overall they were the prevailing parties and thus, they were entitled to an award of costs)); Fahey v. Carty, 102 F.R.D. 751 (D. N.J. 1983) (finding that the plaintiff who recovered less than the damages alleged did not preclude him from being prevailing party and recovering costs).

In discussing defendant's challenge to plaintiff's motion for attorneys' fees in the Memorandum Opinion, this court found plaintiff to be a prevailing party, stating:

> The Union challenges Witkowski's Motion for attorneys' fees on the basis that the Motion is premature because a decision by the Court of Appeals for the Third Circuit in favor of the Union would eviscerate Witkowski's status as a prevailing party and render his Motion for attorneys' fees moot. This issue, however, was already considered by the court in its decision related to Witkowski's motion to reconsider. The court concluded that Witkowski was a prevailing party on the basis that he succeeded at trial on a significant issue in the litigation-the retaliation claims under the ADEA and the PHRA-and that he achieved some of the benefit he sought in bringing the suit. Witkowski was awarded $650,000.00 in damages and this court denied defendant's post-trial motions to alter or amend that judgment, or in the alternative, for a new trial. Therefore, at this time, while this case is on appeal, Witkowski is a prevailing party for purposes of an award of attorneys' fees and expenses, including those incurred in litigating the Union's post-trial motions.

Witkowski, 2010 WL 1433104, at *3 (citing Farrar v. Hobby, 506 U.S. 103 (1992) (a plaintiff is

considered a prevailing party for attorney's fees purposes if he succeeds on any significant issue in litigation which achieves some of the benefit he sought in bringing the suit)).

Defendant's instant argument conflates the clerk of court's taxation of costs with that of the district court. In fact, the clerk of court is distinct from the court itself. Rule 54(d)(1) plainly makes that distinction: "the **clerk** may tax costs on 14 days' notice. On motion served within the next 7 days, the **court** may review the **clerk's** action." FED. R. CIV. P. 54(d)(1) (emphasis added). Once the clerk taxes costs, any objection thereto - if timely filed - is reviewed by the district court, *de novo*. Reger, 599 F.3d at 288; Paoli, 221 F.3d at 461. Here, the clerk's determination states as much. "You are advised that any determination of costs by the Clerk may be reviewed by the court upon motion served within seven days thereafter, under Rule 54(d) of the Federal Rules of Civil Procedure." Denial of Costs (ECF No. 184.)

It is well-settled law that costs are strongly presumed to be awarded to the prevailing party. Reger, 599 F.3d at 288-89; Paoli, 221 F.3d at 462; ADM Corp., 525 F.2d at 665. Equally settled are the principles of law that the nonprevailing party must persuade the court that an award of costs is inequitable under the circumstances, and that a court must articulate its reasons for denying or reducing a prevailing party's award of costs. Id.

Here, for the reasons stated in the Memorandum Opinion, this court already determined that plaintiff was a prevailing party at the trial level. Therefore, absent defendant's showing of why an award of costs to plaintiff would be inequitable under the circumstances, plaintiff is entitled to costs attributed to his prevailing party status at trial. Defendant's objections to plaintiff's presumed award of trial and appellate costs, based upon a faulty reading of clerk's docket, are without merit.

9

The court will reduce plaintiff's request for Trial Costs, however, because he did not identify which costs are attributable to his successful retaliation claim. Therefore, the court will reduce plaintiff's costs at the trial level by twenty-five percent to reflect an amount proportionate to expenses incurred to succeed at trial on his retaliation claim. This award is consistent with the court's award of plaintiff's attorneys' fees at the trial level. See Witkowski, 2010 WL 1433104.

With respect to defendant's appeal, the parties do not dispute that plaintiff prevailed on all issues. Therefore, plaintiff is entitled to costs attributed to his prevailing party status at the appellate level. The court will award plaintiff one hundred percent of its Appellate Costs for the trial transcript because defendant did not carry its burden to persuade the court that it would be inequitable for the court to award plaintiff such cost. Defendant did not dispute plaintiff's contention that the entire trial transcript was necessary for the court of appeals to decide the outcome of defendant's issues on appeal.

## IV.  Conclusion

With respect to plaintiff's Trial Court Costs, plaintiff is awarded seventy-five percent of the costs reflected in plaintiff's bill of costs filed on February 13, 2009 (ECF No. 132), in the amount of $24,790,41, for an award of $18,592.81. With respect to plaintiff's Appellate Court Costs, plaintiff is awarded one hundred percent of the costs of the trial court transcript reflected in plaintiff's bill of costs filed on January 4, 2011 (ECF No. 181), in the amount of $1,568.70. Therefore, the total award to plaintiff for his costs is $20,161.51.

**ORDER**

**AND NOW** this 3rd day of May, 2011, upon consideration of the Motion for Costs and Objection to Clerk's Denial of all Costs (ECF No. 185), filed by plaintiff John J. Witkowski, and the response thereto (ECF No. 186), filed by defendant International Brotherhood of Boilermakers, Iron Shipbuilders, Local Union 154, it is **ORDERED, ADJUDGED** and **DECREED** that plaintiff's Motion is **GRANTED in part and DENIED in part**. For the reasons stated above, plaintiff is awarded costs in the amount of $20,161.51.

By the court,

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge